**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OnStar, LLC, | ) | CASE NO. 1:08 CV 2047 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Micral, Inc., et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon plaintiff 's Brief in Support of Reasonableness of Attorneys Fees and Non-Taxable Costs Incurred (Filed Under Seal) (No. 97). This is a patent dispute. For the following reasons, defendant is ORDERED to pay $360,203.67 in attorney fees and costs to plaintiff.

**FACTS**

The facts of this case are fully set forth in the Court's July 12, 2010 Memorandum of Opinion and Order granting plaintiff's motion for attorney fees (No. 94). Plaintiff has submitted a brief in support of the reasonableness of $360,952.64 fee it requests in light of the Court's

1

decision to grant plaintiff attorney fees.  Defendant Micral (hereinafter "defendant") opposes the total award of attorney fees and costs.

**ANALYSIS**

"The court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  The amount of the award is at the discretion of the district court.  *Lam v. Johns-Manville Corp.,* 718 F.2d 1056, 1068 (Fed. Cir. 1983).  A party seeking attorney fees must submit "some evidence to support the reasonableness of, *inter alia,* the billing rate charged and the number of hours expended."  *Id.*  The kind of evidence generally considered by a district court in determining the reasonableness of attorney fees includes "hourly time records, full expense statements, documentation of attorney hourly billing rates in the community for the particular type of work involved, the attorney's particular skills and experience, and detailed billing records or client's actual bills showing tasks performed in connection with the litigation."  *Junker v. Eddings,* 396 F.3d 1359, 1366 (Fed. Cir. 2005).  The court need not limit the award of attorney fees to the amount paid by the client, as "[t]he determination of a reasonable attorney fee requires the court to consider all the relevant circumstances in a particular case."  *Id.* at 1365.  Further, reasonable attorney fees under § 285 includes reasonable expenses.  *Central Soya Co., Inc. v. Geo. A. Hormel & Co.,* 723 F.2d 1573, 1578 (Fed. Cir. 1983) (citing, *inter alia, Codex Corp. v. Milgo Electronic Corp.,* 541 F. Supp. 1198, 1201 (D. Mass. 1982) (finding that fees awarded under § 285 includes "lawyer's fees for time spent on the issue of attorney fees, disbursements, non-legal personnel, and paralegal personnel")).  The Federal Circuit has held that where "a prevailing party 'has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on litigation . . .

2

.'" *Mathis v. Spears,* 857 F.2d 749, 755 (Fed. Cir. 1988) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983)).

Plaintiff submits numerous exhibits in support of the reasonableness of its requested attorney fees, including:  excerpts from the 2009 Report of the Economic Survey from the American Intellectual Property Law Association, which compiles average billing rates for intellectual property attorneys and expected costs of litigation for intellectual property matters; a list of the hourly billing rates for all attorneys involved in this matter; a summary of fees and costs incurred as well as detailed billing entries showing the work done by each attorney and the cost of each task; and detailed records of the costs incurred and billed to the client in this matter including receipts and expense reports.  Plaintiff argues that its attorney fees and costs are reasonable as the amounts incurred are well below the average billing rates and total expected costs for litigation of this magnitude, according to the AIPLA survey.  Plaintiff further argues it is entitled to the entire amount it has requested because its attorneys obtained excellent results.

Defendant argues that the Court should use its discretion to reduce the attorney fees award to a nominal amount, or that an appropriate starting point for attorney fees is when defendant first discovered possible inequitable conduct.  Defendant further argues that plaintiff should not be awarded attorney fees in connection with plaintiff's opposition to Dr. Alpert's motion for summary judgment or in connection with plaintiff's opposition to defendant's attorneys' motion to withdraw from the case.  In support of its argument that plaintiff's award of attorney fees should be reduced, defendant points out that plaintiff filed the suit; defendant had no knowledge of Joseph Kelly's inequitable conduct and did not participate in the wrongful conduct; defendant did not engage in litigation misconduct; defendant has already been punished

by having the patent declared unenforceable; and it was defendant who suggested that the issue of inequitable conduct be determined in an expedited manner.  Defendant also argues that plaintiff never moved for its costs and that the Court should therefore deny recovery of costs that have not already been taxed to defendant.

Upon review, the Court finds that plaintiff is entitled to the amount of attorney fees it seeks under § 285, less certain costs discussed below.  Plaintiff's evidence demonstrates that the billing rates for the attorneys involved in this case are well below national average rates for this type of litigation, according to the AIPLA survey.  Moreover, the fees and costs incurred by plaintiff in this suit from beginning to end total less than 25% of the expected fees and costs for litigation just through the close of discovery involving similar amounts in dispute and a similarly sized law firm.  Additionally, defendant does not dispute the reasonableness of the hours plaintiff's counsel expended or the billing rates.  Accordingly, the Court finds that plaintiff's requested attorney fees are reasonable.

Defendant's argument that the Court should exercise its discretion to reduce the attorney fees award because plaintiff filed the suit as a declaratory judgment is not well-taken.  The evidence in this case shows that Dr. Alpert, under a fee-splitting agreement with defendant, first approached plaintiff and accused it of infringing defendant's patent.  Although defendant characterizes Alpert's pre-suit communications with plaintiff as an offer to license the patent, the communications, which came from both Alpert and his attorney, indicated that Alpert would seek to enforce whatever legal rights he could under the patent should plaintiff not acquiesce in purchasing a patent license.  Under the circumstances, plaintiff was not required to wait to see if Alpert or Micral would actually bring suit.  *See Cunningham Bros., Inc. v. Bail,* 407 F.2d 1165,

1167-68 (7th Cir. 1969) ("The primary purpose of [the Declaratory Judgment] Act is to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued." (internal quotation omitted)).

Defendant also argues that plaintiff's attorney fees award should be reduced because defendant had no knowledge of Kelly's inequitable conduct and did not participate in it, and that defendant did not engage in litigation misconduct.  Defendant further argues that the same factors at least warrant the exclusion of attorney fees incurred by plaintiff prior to October 12, 2009– the date that defendant claims it learned of possible inequitable conduct.  Defendant cites *McKesson Information Solutions, Inc. v. Bridge Medical, Inc.*, No. 2:02-CV-02669, Dkt. 727 (E.D. Cal. Sept. 6, 2006) in support.  *McKesson,* however, involved a district court's finding that a case was exceptional, but that an award of attorney fees was not appropriate.  In this case, the Court has already determined that an award of attorney fees is appropriate, and in so doing has already considered the factors that defendant argues should now warrant a reduction in those fees.  (See ECF No. 94.)

Defendant further argues that plaintiff's attorney fees award should not include fees plaintiff spent on opposing Alpert's motion for summary judgment or on plaintiff's opposition to Renner Otto's motion to withdraw.  While defendant is correct that when an action contains both patent and non-patent claims attorney fees may not be awarded for litigation of the non-patent issues, such is not the case here.  *Gjerlov v. Schuyler Laboratories, Inc.,* 131 F.3d 1016, 1025 (Fed. Cir. 1997).  "A claim arises under the patent laws if the right to relief 'will be defeated by one construction, or sustained by the opposite construction of [the patent] laws.'" *Interspiro USA*

*v. Figgie Int'l,* 18 F.3d 927, 933 (Fed. Cir. 1994).  Alpert's motion for summary judgment related to whether he maintained standing to sue in a patent infringement action under 35 U.S.C. § 281, or whether he held exclusionary rights and interests created by the patent statutes, such as an exclusive license to make, use, or sell the patented invention.  Defendant additionally argues that the motion was prepared and filed by Alpert, thus it is not fair for defendant to be responsible for the fees involved in plaintiff's opposition.  Defendant and Alpert were represented by the same attorneys in this proceeding.  Moreover, Alpert was sued by plaintiff as the result of Alpert attempting to enforce Micral's patent rights, and plaintiff produced some evidence that Alpert represented he had ownership rights in the patent.  Accordingly, the Court will not exclude from the award plaintiff's attorney fees incurred as a result of opposing Alpert's motion for summary judgment.  Additionally, the Court will not exclude from the award the fees plaintiff incurred in opposing Renner Otto's motion to withdraw.  Although a motion to withdraw is not intrinsically a patent issue, the issues that led counsel to file the motion were inextricably bound up with the patent itself.  *Id.*

Defendant also argues that plaintiff should not recover its fees associated with its motion for attorney fees.  Defendant admits the case law relating to this issue is mixed, and relies upon *Chromalloy Am. Corp. v. Alloy Surfaces, Co.,* 353 F. Supp. 429, 432 (D.C. Del. 1973).  The Court, however, agrees with the reasoning stated in *Mathis v. Hydro Air Industries,* No. CV 80-4481 MRP, 1986 U.S. Dist. LEXIS 23590, at *10-11 (C.D. Cal. June 27, 1986), *aff'd* 857 F.2d 749 (Fed. Cir. 1988):

> [U]nder § 285 a party should not be limited just to the recovery of attorneys fees incurred in connection with the main portion of the suit dealing with the validity of the patent claim. The purpose of

6

> awarding attorneys fees is to make the party who is entitled to
> recover the fees whole. Proving the right to the fees and proof of
> the amount of the fees is an integral part of the case as a whole and
> to deprive a party who is entitled to recover attorneys fees of the
> fees incurred in asserting the right to the fees would be unfair and
> make that party's recovery something less than whole.

*Id.* (citing *Arbrook, Inc. v. American Hospital Supply Corp.,* 202 U.S.P.Q. 685, 688 (N.D. Tex. 1979), *rev'd on other grounds,* 645 F.2d 273, 210 U.S.P.Q. 84 (5th Cir. 1981)).  Defendant further argues that if the Court grants an award of fees for the attorney fees motion, the Court should exercise its discretion to reduce the amount of the award.  But the cases defendant cites in support involve a reduction in fees due to excessive hours spent in preparation of the motion or unreasonable hourly rates.  *See generally MMT Sales, Inc. v. Channel 53, Inc.,* No. 92 Civ. 7207 (SS), 1994 WL 570170 (S.D.N.Y. Oct. 13, 1994); *PPG Industries v. Celanese Polymer Specialties Co.,* 658 F. Supp. 555 (W.D. Ky. 1987).  Here defendant does not argue that the fees or rates were unreasonable. Accordingly, the Court will not exclude from the fee award the fees plaintiff spent to prepare its motion for attorney fees.

Finally, defendant argues that plaintiff neither moved for nor was awarded its non-taxable expenses.  While defendant is correct that plaintiff's motion for fees was styled as a motion for attorney fees, an award of fees under § 285 includes reasonable expenses.  *Central Soya,* 723 F.2d at 1578 (citing, *inter alia, Codex Corp. v. Milgo Electronic Corp.,* 541 F. Supp. 1198, 1201 (D. Mass. 1982) (finding that § 285 includes "lawyer's fees for time spent on the issue of attorney fees, disbursements, non-legal personnel, and paralegal personnel")). Defendant specifically mentions charges for Continuing Legal Education seminars and in-room movies as being "questionable" and "disturbing."

Upon review, the Court finds that under these particular circumstances, the charges for

7

the Fundamentals of Practice in the Northern District of Ohio seminars are not warranted, as none of plaintiff's attorneys sought permanent admission to practice in the Northern District of Ohio for this case (which would require such a seminar or its equivalent).  Further, plaintiff's attorneys also engaged local counsel.  The Court thus reduces the fee award by $700, the cost of four such seminars incurred by plaintiff.  The Court also agrees that charges for in-room movies incurred during litigation-related travel are not proper expenses under § 285, and accordingly reduces the fee award by $48.97, the cost of the three in-room movies reflected in plaintiff's exhibits.  The Court awards a total of $360,203.67 to plaintiff under § 285.

### **CONCLUSION**

For the reasons set forth above, the Court GRANTS in part the relief requested by plaintiff in its Brief in Support of Reasonableness of Attorneys Fees and Non-Taxable Costs Incurred (Filed Under Seal) and ORDERS defendant to pay to plaintiff attorney fees in the amount of $360,203.67, and DENIES plaintiff costs in the amount of $748.97.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 8/27/10